ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff
7
8
9            UNITED STATES DISTRICT COURT
10          SOUTHERN DISTRICT OF CALIFORNIA
11
12
13  CHRIS KOHLER,                    No. '08 CV 1286 LAB JMA
14       Plaintiff,                  **Plaintiff's Complaint**
15       vs.
16  KABIR FOUR RESTAURANTS,
17  INC. dba DENNY'S
    RESTAURANT #7897; DOWDY
18  INVESTMENTS, LP,
19       Defendants.
20  ─────────────────────────
21
22
23
24
25
26
27
28

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

Page 1

FILED
08 JUL 17 PM 12: 42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# I. SUMMARY

1.    This is a civil rights action by plaintiff Chris Kohler ("Kohler") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Denny's Restaurant #7897
3704 Camino del Rio West
San Diego, CA 92110
(hereafter "the Restaurant")

2.    Kohler seeks damages, injunctive and declaratory relief, attorney fees and costs, against Kabir Four Restaurants, Inc. dba Denny's Restaurant #7897 and Dowdy Investments, LP (collectively "Denny's") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.    Denny's owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

1    8.    Kohler was shot in the back in 1988, which left him paralyzed from
2 the waist down.  He requires the use of a wheelchair when traveling about in
3 public.  Consequently, Kohler is "physically disabled," as defined by all
4 applicable California and United States laws, and a member of the public whose
5 rights are protected by these laws.

6                                    V. FACTS

7    9.    The Restaurant is an establishment serving food and drink, open to
8 the public, which is intended for nonresidential use and whose operation affects
9 commerce.

10    10.    Kohler visited the Restaurant and encountered barriers (both
11 physical and intangible) that interfered with—if not outright denied—his ability
12 to use and enjoy the goods, services, privileges, and accommodations offered at
13 the facility.  To the extent known by Kohler, the barriers at the Restaurant
14 included, but are not limited to, the following:

15    • The van accessible signage posted in not correct;
16    • The entrance door has insufficient strike side clearance;
17    • There is no International Symbol of Accessibility at the entrance door to
18        indicate that the Restaurant is accessible;
19    • There is no seating designated as being accessible to the disabled;
20    • There is no disabled seating available;
21    • The men's restroom door requires more than five (5) pounds of force to
22        operate;
23    • The accessible stall door is not self closing;
24    • There is no handle mounted below the lock on the stall door;
25    • The pipes underneath the lavatory are not properly or completely wrapped;
26    • There is insufficient knee clearance underneath the lavatory; and,
27    • There is insufficient strike side clearance when leaving the restroom.
28 These barriers prevented Kohler from enjoying full and equal access.

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

1    11.    Kohler was also deterred from visiting the Restaurant because he
2  knew that the Restaurant's goods, services, facilities, privileges, advantages, and
3  accommodations were unavailable to physically disabled patrons (such as
4  himself). He continues to be deterred from visiting the Restaurant because of the
5  future threats of injury created by these barriers.

6    12.    Kohler also encountered barriers at the Restaurant, which violate
7  state and federal law, but were unrelated to his disability. Nothing within this
8  Complaint, however, should be construed as an allegation that Kohler is seeking
9  to remove barriers unrelated to his disability.

10    13.    Denny's knew that these elements and areas of the Restaurant were
11  inaccessible, violate state and federal law, and interfere with (or deny) access to
12  the physically disabled.    Moreover, Denny's has the financial resources to
13  remove these barriers from the Restaurant (without much difficulty or expense),
14  and make the Restaurant accessible to the physically disabled.  To date, however,
15  Denny's refuses to either remove those barriers or seek an unreasonable hardship
16  exemption to excuse non-compliance.

17    14.    At all relevant times, Denny's has possessed and enjoyed sufficient
18  control and authority to modify the Restaurant to remove impediments to
19  wheelchair access and to comply with the Americans with Disabilities Act
20  Accessibility Guidelines and Title 24 regulations.  Denny's has not removed
21  such impediments and has not modified the Restaurant to conform to
22  accessibility standards.  Denny's has intentionally maintained the Restaurant in
23  its current condition and has intentionally refrained from altering the Restaurant
24  so that it complies with the accessibility standards.

25    15.    Kohler further alleges that the (continued) presence of barriers at the
26  Restaurant is so obvious as to establish Denny's discriminatory intent.[1]    On

27
28
---
[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*Kohler v. Kabir Four Restaurants, Inc., et al.*
Plaintiff's Complaint

1    information and belief, Kohler avers that evidence of this discriminatory intent
2    includes Denny's refusal to adhere to relevant building standards; disregard for
3    the building plans and permits issued for the Restaurant; conscientious decision
4    to the architectural layout (as it currently exists) at the Restaurant; decision not
5    to remove barriers from the Restaurant; and allowance that the Restaurant
6    continues to exist in its non-compliant state.    Kohler further alleges, on
7    information and belief, that Denny's is not in the midst of a remodel, and that the
8    barriers present at the Restaurant are not isolated (or temporary) interruptions in
9    access due to maintenance or repairs.[2]

10                          VI. FIRST CLAIM

11                **Americans with Disabilities Act of 1990**

12               Denial of "Full and Equal" Enjoyment and Use

13        16.    Kohler incorporates the allegations contained in paragraphs 1
14    through 15 for this claim.

15        17.    Title III of the ADA holds as a "general rule" that no individual
16    shall be discriminated against on the basis of disability in the full and equal
17    enjoyment (or use) of goods, services, facilities, privileges, and accommodations
18    offered by any person who owns, operates, or leases a place of public
19    accommodation. 42 U.S.C. § 12182(a).

20        18.    Denny's discriminated against Kohler by denying "full and equal
21    enjoyment" and use of the goods, services, facilities, privileges or
22    accommodations of the Restaurant during each visit and each incident of
23    deterrence.

24          Failure to Remove Architectural Barriers in an Existing Facility

25        19.    The ADA specifically prohibits failing to remove architectural
26    barriers, which are structural in nature, in existing facilities where such removal

27

28    ───────────────
     [2]    Id.; 28 C.F.R. § 36.211(b)
     *Kohler v. Kabir Four Restaurants, Inc., et al.*
     **Plaintiff's Complaint**

                          Page 5

1   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily

2   achievable" is defined as "easily accomplishable and able to be carried out

3   without much difficulty or expense." Id. § 12181(9).

4        20.   When an entity can demonstrate that removal of a barrier is not

5   readily achievable, a failure to make goods, services, facilities, or

6   accommodations available through alternative methods is also specifically

7   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

8        21.   Here, Kohler alleges that Denny's can easily remove the

9   architectural barriers at the Restaurant without much difficulty or expense, and

10   that Denny's violated the ADA by failing to remove those barriers, when it was

11   readily achievable to do so.

12        22.   In the alternative, if it was not "readily achievable" for Denny's to

13   remove the Restaurant's barriers, then Denny's violated the ADA by failing to

14   make the required services available through alternative methods, which are

15   readily achievable.

16           Failure to Design and Construct an Accessible Facility

17        23.   On information and belief, the Restaurant was designed or

18   constructed (or both) after January 26, 1992—independently triggering access

19   requirements under Title III of the ADA.

20        24.   The ADA also prohibits designing and constructing facilities for

21   first occupancy after January 26, 1993, that aren't readily accessible to, and

22   usable by, individuals with disabilities when it was structurally practicable to do

23   so. 42 U.S.C. § 12183(a)(1).

24        25.   Here, Denny's violated the ADA by designing or constructing (or

25   both) the Restaurant in a manner that was not readily accessible to the physically

26   disabled public—including Kohler—when it was structurally practical to do so.[3]

27

28   _____

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

Page 6

1

Failure to Make an Altered Facility Accessible

2     26.    On information and belief, the Restaurant was modified after
3   January 26, 1992, independently triggering access requirements under the ADA.

4     27.    The ADA also requires that facilities altered in a manner that affects
5   (or could affect) its usability must be made readily accessible to individuals with
6   disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
7   an area that contains a facility's primary function also requires adding making
8   the paths of travel, bathrooms, telephones, and drinking fountains serving that
9   area accessible to the maximum extent feasible. Id.

10    28.    Here, Denny's altered the Restaurant in a manner that violated the
11  ADA and was not readily accessible to the physically disabled public—including
12  Kohler—to the maximum extent feasible.

13

Failure to Modify Existing Policies and Procedures

14    29.    The ADA also requires reasonable modifications in policies,
15  practices, or procedures, when necessary to afford such goods, services,
16  facilities, or accommodations to individuals with disabilities, unless the entity
17  can demonstrate that making such modifications would fundamentally alter their
18  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

19    30.    Here, Denny's violated the ADA by failing to make reasonable
20  modifications in policies, practices, or procedures at the Restaurant, when these
21  modifications were necessary to afford (and would not fundamentally alter the
22  nature of) these goods, services, facilities, or accommodations.

23    31.    Kohler seeks all relief available under the ADA (*i.e.*, injunctive
24  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
25  U.S.C. § 12205.

26    32.    Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)
27  that Denny's violated the ADA in order to pursue damages under California's
28  Unruh Civil Rights Act or Disabled Persons Act.

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

## VII. SECOND CLAIM

**Disabled Persons Act**

33.    Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.    Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.    Here, Denny's discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Restaurant.    Denny's also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

38.    For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.    He also seeks to enjoin Denny's from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40.    Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    Denny's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

46.    Kohler was damaged by Denny's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.    Kohler also seeks to enjoin DENNY'S from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.    Kohler incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Kohler alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.    Denny's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Denny's for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Denny's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

1    4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

2    5.    Interest at the legal rate from the date of the filing of this action.

3

4    DATED: July 15, 2008          DISABLED ADVOCACY GROUP, APLC

5

6

7                                  LYNN HUBBARD, III
                                   Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Kohler v. Kabir Four Restaurants, Inc., et al.*
**Plaintiff's Complaint**

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153112    — MB**

**July 17, 2008
13:02:28**

**Civ Fil Non-Pris**
USAO #.: 08CV1286 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:                    $350.00 CC

**Total—>   $350.00**

FROM: CHRIS KOHLER VS KABIR FOURS
      RESTAURANTS DBA DENNYS #7897

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHRIS KOHLER | KABIR FOUR RESTAURANTS, INC. dba DENNY'S RESTAURANT #7897; DOWDY INVESTMENTS, LP |

08 JUL 17 PM 12:02

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane Chico, CA 95926   (530) 895-3252

Attorneys (If Known)

**'08 CV 1286 LAB JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.

Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
07/15/2008

SIGNATURE OF ATTORNEY OF RECORD
_____

**FOR OFFICE USE ONLY**

RECEIPT # 153112   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FB 07/17/08



JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.